NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZAFAR RIAZ,<br><br>       Plaintiff,<br><br>  v.<br><br>KERRY INGREDIENTS,<br><br>       Defendant. | Civil Action No.: 2:20-cv-17413<br><br>**Opinion & Order** |

**CECCHI, District Judge.**

  This matter comes before the Court by way of defendant Kerry Inc.'s[1] ("Defendant") motion to dismiss (ECF No. 11) *pro se* plaintiff Zafar Riaz's ("Plaintiff") Complaint (ECF No. 1), pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed Defendant's motion. ECF No. 12. Defendant has not replied.

  **WHEREAS** Plaintiff appears to bring this claim under the Americans with Disability Act ("ADA"), 42 U.S.C. §§ 12112–12117. Plaintiff alleges that he suffered an injury to his shoulder in the course of his employment with Defendant. ECF No. 1. Specifically, Plaintiff alleges that his injury occurred by lifting fifty pounds buckets while on the job.[2] ECF No. 12. Plaintiff further alleges that this injury rendered him disabled, and, as a result of his disability, Defendant terminated his employment. *Id.* As Plaintiff is appearing *pro se*, the Court construes the Complaint

---

[1] The Court notes that Plaintiff incorrectly named Defendant as Kerry Ingredients in his Complaint. ECF 11 at 1. The Court uses Defendant's proper name, Kerry Inc., herein.

[2] The Court notes it will only consider the "allegations actually contained within the . . . Complaint to determine its sufficiency under Rule 12(b)(6), not factual allegations . . . [asserted in a] brief in opposition to a motion to dismiss." *McMahon v. Refresh Dental Mgmt., LLC*, No. 16-170, 2016 WL 7212584, at *7 n.4 (W.D. Pa. Dec. 13, 2016) (citations omitted).

liberally. *See Stampone v. Fopma*, No. 13-15129, 2013 WL 5937428, at *1 (D.N.J. Nov. 4, 2013), *aff'd*, 567 F. App'x 69 (3d Cir. 2014) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); and

**WHEREAS** in its motion, Defendant argues that Plaintiff's Complaint must be dismissed because it is time barred. ECF No. 11 at 5–6. Moreover, Defendant also argues that even if the Complaint was timely filed, Defendant has failed to allege facts sufficient to establish a disability discrimination claim under the ADA. *Id.* at 7; and

**WHEREAS** in disability discrimination cases, a plaintiff may file suit in a federal district court after receiving a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e–5(f)(1). Following receipt of the letter, the plaintiff then has 90 days to file a complaint in federal court. *Id.* Generally, this 90-day period begins on the date that the plaintiff received the right-to-sue letter. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). However, when the date of receipt is unknown, courts presume that the plaintiff received the letter three days after the EEOC mailed it. *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999); and

**WHEREAS** this 90-day limit for filing a complaint functions as a statute of limitations, and thus is subject to equitable tolling. *Richardson v. Diagnostic Rehab. Ctr.*, 836 F. Supp. 252, 254 (E.D. Pa. 1993). When a plaintiff files a complaint along with an application to proceed *in forma pauperis* ("IFP") within the 90-day limit, the statute of limitations is tolled until the court addresses the application. *Id.* If the application is granted, the complaint is timely filed, but if the application is denied, the statute of limitations begins to run again until the plaintiff pays the required filing fee "within the remaining limitations period or within a reasonable time, whichever is later." *Scary v. Phila. Gas Works*, 202 F.R.D. 148, 151 (E.D. Pa. 2001); and

**WHEREAS** here, the EEOC mailed Plaintiff his right-to-sue letter on August 29, 2020. ECF No.1. Because Plaintiff does not allege when he received the letter nor does the Complaint provide any information regarding when he might have received the letter, the Court presumes Plaintiff received it on September 1, 2020. *See Seitzinger*, 165 F.3d at 239. Plaintiff attempted to file his Complaint without paying his filing fee on November 30, 2020, 90 days after he received the right-to-sue letter (ECF No. 1). The Clerk's Office then notified Plaintiff by letter that he was required to either pay a filing fee or apply to proceed IFP. ECF No. 2. Thereafter, Plaintiff complied with the Clerk's letter by submitting an IFP application (ECF No. 3), which the Court denied on January 7, 2021 (ECF No. 4); and

**WHEREAS** because Plaintiff filed his Complaint along with an IFP application, the 90-day limitations period was tolled from November 30, 2020 when Plaintiff submitted his Complaint until the IFP application was denied on January 7, 2021. Once this Court denied Plaintiff's IFP application, the limitations period began to run anew and expired on January 8, 2021—91 statutorily untolled days after Plaintiff received his right-to-sue letter. As such, Plaintiff did not pay the filing file, and thus failed to file his Complaint, before his limitations period ended on January 8, 2021. *See Manso et al. v. Lanigan et al.*, No. 13-3326, 2013 WL 5505393, at *1 (D.N.J. Oct. 1, 2013) (finding that a complaint is not filed until an IFP is granted or the plaintiff pays the required filing fee); and

**WHEREAS** however, Plaintiff eventually properly filed his Complaint by paying the required filing fee on March 4, 2021; and

**WHEREAS** accordingly, because Plaintiff paid his filing fee within a reasonable time after his IFP application was denied, the Court finds that Plaintiff timely filed his Complaint, and his action is not barred by the 90-day statute of limitations. *Scary*, 202 F.R.D. at 151–52 (noting that

courts have found a two month delay to be within the range of reasonable time to file a complaint after an IFP application is denied); and

**WHEREAS** nevertheless, Plaintiff fails to allege a claim for disability discrimination; and

**WHEREAS** to state a claim for disability discrimination, the Plaintiff must allege three elements: "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Dillard v. Morris Cnty. Prosecutor's Office*, No. 19-19089, 2020 WL 4932527, at *11 (D.N.J. Aug. 24, 2020) (quoting *Brown v. City of Long Branch*, 380 F. App'x 235, 238 (3d Cr. 2010)). An "adverse employment action" means an action that is "'serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment.'" *Whitehead v. City of Monmouth*, No. 15-5352, 2015 WL 7776896, at *3 (D.N.J. Dec. 2, 2015) (quoting *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004)). "[T]he ADA . . . afford[s] protections to a person who does not have a disability, but is 'perceived as' or 'regarded as' having a disability." *Dennis v. City of Atlantic City*, 863 F. Supp. 2d 372, 378 (D.N.J. 2012) (citing 42 U.S.C. § 12102(3)(A)); and

**WHEREAS** here, Plaintiff attempts to establish his claim by asserting only two allegations: that he suffered an "injury to [his] shoulder" when he was at work, and that "Kerry Ingredients terminated [his] job while [disabled]." ECF No. 1 at 6–7. Even assuming that Plaintiff's shoulder injury is a disability under the ADA, his Complaint fails to allege a disability discrimination claim because it provides no information regarding his ability to perform his job with or without an accommodation for his injury, or information that Kerry's decision to terminate him was caused by his shoulder injury. *See Gist v. Princeton Healthcare Sys.*, No. 14-6449, 2015

WL 4619518, at *3 (D.N.J. July 31, 2015). Thus, Plaintiff's claim must be dismissed without prejudice.

Accordingly, **IT IS** on this 14th day of December, 2021;

**ORDERED** that Defendant's motion to dismiss (ECF No. 11) Plaintiff's Complaint (ECF No. 1), is **GRANTED**; it is further

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Order to submit an amended complaint that addresses the deficiencies identified in the Court's Order; it is finally

**ORDERED** that the Clerk of the Court shall close this case. The matter shall be reopened in the event that Plaintiff timely files an amended Complaint.

**SO ORDERED**.

/s/ Claire C. Cecchi
**CLAIRE C. CECCHI, U.S.D.J.**